UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AMELIA S.,

    Plaintiff,

 v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. 2:18-CV-01379-DWC

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the Social Security Commissioner's ("Commissioner") denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") did not err when he rejected opinions from four treating sources that Plaintiff is limited to part-time work. The ALJ also did not err in rejecting two additional opinions from treating medical sources, whose opinions include that Plaintiff meets two mental disorder listings. Lastly, the ALJ

did not err when he found Plaintiff does not meet the criteria for any mental disorder listing. Because the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence, the Commissioner's decision is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

## FACTUAL AND PROCEDURAL HISTORY

On January 14, 2015, Plaintiff filed an application for DIB, alleging disability as of October 8, 2014. *See* Dkt. 6, Administrative Record ("AR") 19. The application was denied upon initial administrative review and on reconsideration. *See* AR 19. ALJ Jay E. Levine held a hearing on May 15, 2017. AR 16-35. In a decision dated October 12, 2017, the ALJ determined Plaintiff to be not disabled. AR 16-35. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-6; 20 C.F.R. § 404.981.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by failing to: (1) state specific, legitimate reasons to discount four treating sources – Monique Maio, mental health therapist, Diana Pickett, Ph.D., M.D., Anne L. Cox, M.D., and Katherine Bumstead, M.D. – who opined Plaintiff is limited to performing part-time work; (2) properly reject another medical opinion from Dr. Cox, and an opinion from Suzanne Taylor, Ph.D.; and (3) find Plaintiff meets Listings 12.04 or 12.06 at Step Three of the sequential evaluation process. Dkt. 8, pp. 3-13.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.     Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff contends the ALJ erred when he rejected opinions from Ms. Maio, Dr. Pickett, Dr. Cox, and Dr. Bumstead finding Plaintiff limited to performing part-time work. Dkt. 8, pp. 4-9. Plaintiff also argues the ALJ failed to properly consider two additional medical opinions from Drs. Cox and Taylor. *Id.* at p. 9-11.

In assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

"Other medical source" testimony, which the Ninth Circuit treats as lay witness testimony, "is competent evidence an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *see also Turner v. Comm'r of Soc. Soc. Admin.*, 613 F.3d 1217, 1224 (9th Cir. 2010). In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted. *Lewis*, 236 F.3d at 512.

1       A. <u>Opinions Limiting Plaintiff to Part-Time Work</u>

2       Plaintiff disputes the ALJ's consideration of four treating sources who opined Plaintiff is
3  limited to performing part-time work. Dkt. 8, pp. 3-9. First, Ms. Maio wrote a letter on August
4  16, 2016 to Plaintiff's former employer, requesting reasonable accommodations for Plaintiff,
5  including "a part-time work schedule[.]" AR 426. Second, Dr. Pickett, in a letter dated
6  September 27, 2015, opined Plaintiff is "psychologically unable to return to work." AR 427. Dr.
7  Pickett described Plaintiff's diagnoses and treatments and stated that while Plaintiff's
8  medications "have helped alleviate some of the severity of her symptoms," they have not helped
9  "enough to be able to safely return to gainful employment." AR 427. Dr. Pickett wrote her "fear"
10 was that if Plaintiff returned to work "prematurely," she would "have a nervous crisis [and]
11 would lose her accrued seniority and benefits necessary for her eventual return to work." AR
12 427. At a later, unspecified date, Dr. Pickett responded to a request for medical records with a
13 statement that Plaintiff cannot return to work due to her mental health diagnoses and cerebral
14 aneurysm. AR 828. Third, on November 11, 2015, Dr. Cox, opined on a "Reasonable
15 Accommodation Inquiry" form that Plaintiff is limited to performing part-time work, at 15 hours
16 per week, during afternoon hours. AR 428. Fourth, Dr. Bumstead wrote in a letter dated July 25,
17 2016 that Plaintiff is "able to continue with a work schedule that does not exceed 20 hours a
18 week." AR 431. Dr. Bumstead found Plaintiff "not currently medically able to work full time due
19 to her mental health condition." AR 431.

20      The ALJ summarized and rejected the four opinions limiting Plaintiff to performing part-
21 time work. *See* AR 27. In pertinent part, the ALJ found the opinions "largely confined to
22 [Plaintiff's] past job as a cosmetics salesperson, and [Plaintiff's] capacity to perform other jobs
23 in the national economy was not contemplated." AR 27. The ALJ is responsible for resolving
24

ambiguities and conflicts in the medical evidence. *Reddick*, 157 F.3d at 722. Determining whether "certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999)). It is not the Court's job to reweigh the evidence: If the evidence "is susceptible to more than one rational interpretation," including one supporting the decision of the Commissioner, the Commissioner's conclusion "must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citing *Morgan*, 169 F.3d at 599, 601)).

Here, the ALJ provided a rational interpretation of the evidence when he found the opinions limiting Plaintiff to part-time work "confined" to Plaintiff's past work. For instance, as the ALJ indicated, Ms. Maio wrote that Plaintiff should be provided a part-time work schedule as part of a "reasonable accommodations" request to the Human Resources Department of Plaintiff's former employer. *See* AR 27, 426. Similarly, the ALJ noted Dr. Pickett wrote she feared Plaintiff would "lose her accrued seniority and benefits" if she returned to her position on a full-time basis. *See* AR 27, 427. As the ALJ indicated, Dr. Pickett's later opinion indicated Plaintiff "could not *return* to work" due to her diagnoses. *See* AR 27 (emphasis added); *see also* AR 828. The ALJ also wrote Dr. Cox opined Plaintiff may perform part-time work on a "Reasonable Accommodation Inquiry" form sent to Plaintiff's former employer. *See* AR 27, 428. Lastly, the ALJ found that while Dr. Bumstead opined Plaintiff was "unable to work fulltime," she could "*continue* with a work schedule that does not exceed 20 hours a week." AR 27 (emphasis added); *see also* AR 431.

As the context of these opinions shows these sources rendered their opinions in relation to Plaintiff's work as a cosmetics salesperson, the ALJ provided a rational interpretation of the evidence when he found these limitations "largely confined" to Plaintiff's past work. Moreover,

the ALJ's interpretation is consistent with his Step Four finding, in which he found Plaintiff unable to return to her past relevant work. *See* AR 28. Thus, this was a specific, legitimate reason to reject the opinions from Ms. Maio, Dr. Pickett, Dr. Cox, and Dr. Bumstead limiting Plaintiff to part-time work. *See Matney v. Sullivan*, 981 F.2d 1016, 1020 (9th Cir. 1992) (where a physician opined the claimant could not return to his previous work, the opinion did "not necessarily rule out" other types of work); *see also Beistek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (citations and quotation marks omitted) (the phrase "substantial evidence" means only evidence such that "a reasonable mind might accept as adequate to support a conclusion"). Further, the Court need not assess whether the ALJ's other reasons to discount these opinions were proper, as any error would be harmless. *See Presley-Carrillo v. Berryhill*, 692 Fed. Appx. 941, 944-45 (9th Cir. 2017) (citing *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (although an ALJ erred on one reason he gave to discount a medical opinion, "this error was harmless because the ALJ gave a reason supported by the record" to discount the opinion). Thus, the Court affirms the ALJ's treatment of the opinions from Ms. Maio, Dr. Pickett, Dr. Cox, and Dr. Bumstead limiting Plaintiff to part-time work.

B. <u>Opinions from Drs. Cox and Taylor</u>

Plaintiff also argues the ALJ failed to provide specific, legitimate reasons to reject medical opinion evidence from Drs. Cox and Taylor, whose opinions included that Plaintiff satisfies the Paragraphs A and B criteria of Listings 12.04 and 12.06. Dkt. 8, pp. 9-11.

At Step Three, the ALJ considers whether a claimant's impairments meet or equal an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir.

1999) (citation omitted). If a claimant meets or equals a Listing, the claimant is considered disabled without further inquiry. *See* 20 C.F.R. § 404.1520(d). Plaintiff here argues the ALJ erred when he rejected opinions from Drs. Cox and Taylor, whose opinions included that Plaintiff meets the Paragraphs A and B criteria for Listings 12.04 and 12.06. *See* Dkt. 8, pp. 9-11. Paragraph A describes criteria which must be in the medical evidence relevant to the diagnoses, whereas Paragraph B states the functional criteria that may be met to satisfy Listings 12.04 and 12.06. *See* 20 C.F.R., Part 404, Subpt. P, App. 1, § 12.00(A)(2) (effective Aug. 22, 2017 to Mar. 13, 2018).

On August 16, 2017, Dr. Cox opined Plaintiff meets the Paragraph A criteria for depressive disorder, bipolar disorder, anxiety disorder, and posttraumatic stress disorder. *See* AR 842-43. Dr. Cox determined Plaintiff meets the Paragraph B criteria with a marked limitation in the ability to understand, remember, or apply information; a marked limitation in ability to interact with others; extreme and marked limitations in the ability to concentrate, persist, or maintain pace; and mild, moderate, and marked limitations in the ability to adapt or manage oneself. *See* AR 843-44. In addition to finding Plaintiff satisfies Listings 12.04 and 12.06, Dr. Cox opined Plaintiff could work a maximum of 15 hours per week, would be off task more than 15% of the workday, and would be more than 15% slower than the average productivity in work pace. AR 845.

On September 4, 2017, Dr. Taylor opined Plaintiff meets the Paragraph A criteria for depressive disorder, bipolar disorder, anxiety disorder, and posttraumatic stress disorder. *See* AR 532-33. Dr. Taylor found Plaintiff meets the Paragraph B criteria with a marked limitation in the ability to understand, remember, and apply information; a marked limitation in the ability to interact with others; a marked limitation in the ability to concentrate, persist, or maintain pace;

and a moderate limitation in the ability to adapt or manage oneself. AR 533-34. Moreover, Dr. Taylor determined Plaintiff could work 12 hours per week. AR 535. Dr. Taylor opined Plaintiff would be off task 65% of a 40-hour work week, and would be 50% slower in productivity than the average employee after 4 hours of work. AR 535.

In assessing Plaintiff's mental health, the ALJ determined:

> Since the alleged onset date of October 8, 2014, mental status and psychiatric examinations have been largely normal, as she appeared fully oriented, had unremarkable behaviors, demonstrated average intelligence, was cooperative, had logical thought processes, and had good reasoning, impulse control, judgment and insight [citing AR 265, 270-71, 275-76, 349, 364, 369, 482, 707, 730]. . . . While the claimant reportedly continued to experience anxiety, depression, racing thoughts, and concentration deficits, she was crying less, reported no hypomania or irritability, and had some improved concentration [citing AR 287, 424]. However, in July 2015, the claimant exhibited suicidal tendencies and was psychiatrically hospitalized [citing AR 435-36]. Nevertheless, after that isolated and situational incident, the claimant was able to achieve stable moods and mental states [citing AR 454, 682-718, 774][.]

AR 25.

Likewise, the ALJ discussed and rejected the medical opinions from Drs. Cox and Taylor together, assigning them "little weight," finding in relevant part:

> The marked and extreme mental limitations imposed by Drs. Cox and Taylor overstate the claimant's mental restrictions and lack substantial support from objective clinical or diagnostic findings, thereby reducing the persuasiveness of their opinions. Notably, the claimant's mostly normal mental status examinations and mental stability achieved through psychiatric medications contradict their opinions.

AR 27.

An ALJ may discount physicians' opinions that are "unsupported by the record as a whole . . . or by objective medical findings." *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)). Here, the ALJ rejected the opinions from Drs. Cox and Taylor because they lack support

from objective clinical and diagnostic findings, particularly in light of Plaintiff's "mostly normal mental status examinations and mental stability achieved through psychiatric medications[.]" AR 27; *see also* AR 25 (citing AR 454, 682-718, 774). The Court's review of the record confirms the ALJ's finding that, other than an exacerbation of symptoms in 2015, Plaintiff had largely normal mental status examinations and achieved mood stability. *See, e.g.*, AR 454 (Plaintiff's mood "overall better"; normal mental status examination results); AR 683 (therapist noting Plaintiff had "positive response to therapy and medications"); AR 685 (Plaintiff "feels that her current medication regime is working"); AR 710 (normal mental status examination results); AR 774 (treating physician noting Plaintiff "has been stable with her medication and continues to follow [up] with" mental health counseling). As the record supports the ALJ's finding that the opinions from Drs. Cox and Taylor lack objective support from the record, this was a specific, legitimate reason to discount these opinions.

Plaintiff argues mental status examinations "do not tell the whole story" regarding a claimant's mental health and an ALJ should not substitute "his interpretation of isolated medical findings for those of medical providers." Dkt. 8, pp. 7-8 (citations omitted). Yet here, the ALJ provided a rational interpretation of medical evidence showing that, contrary to the marked and extreme limitations Drs. Cox and Taylor opined, Plaintiff exhibited normal mental states and achieved mood stability. The Ninth Circuit has repeatedly affirmed an ALJ's decision to reject a medical opinion for lacking objective support from the record. *See, e.g.*, *Bayliss*, 427 F.3d at 1216 (ALJ properly rejected a medical opinion where the physician's "other record observations and opinions" contradicted the physician's opined limitations); *Batson*, 359 F.3d at 1195 (ALJ permitted to discount medical opinions from treating physicians because their opinions were

unsupported by "objective evidence"); *Tonapetyan*, 242 F.3d at 1149 (ALJ appropriately discredited a physician's opinion for being unsupported by "objective medical findings").

Thus, given the lack of objective findings supporting the marked and extreme limitations opined to by Drs. Cox and Taylor, and the evidence of Plaintiff's normal mental states and mood stability, the ALJ's finding that these opinions overstate Plaintiff's limitations is supported by substantial evidence. *See Matney*, 981 F.2d at 1019 (citations omitted) ("if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ"); *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (citations omitted) (the ALJ "is entitled to draw inferences logically flowing from the evidence"). Moreover, the Court declines to consider whether the ALJ's other reasons for discounting the opinions from Drs. Cox and Taylor were proper, as any error would be harmless. *See Presley- Carrillo*, 692 Fed. Appx. at 944-45 (citing *Carmickle*, 533 F.3d at 1162). Accordingly, the ALJ's decision to discount the medical opinion evidence from Drs. Cox and Taylor is affirmed.

II. **Whether the ALJ's Step Three findings are supported by substantial evidence.**

Lastly, Plaintiff argues the ALJ erred when he found Plaintiff did not meet Listings 12.04 or 12.06 at Step Three. Dkt. 8, pp. 12-13. Plaintiff's Step Three argument primarily relies upon her allegation that the ALJ failed to properly consider the opinion evidence from Drs. Cox and Taylor. *See id.* But the Court has determined the ALJ provided a specific, legitimate reason, supported by substantial evidence, to discount these opinions. *See* Section I., *supra*. Furthermore, Plaintiff does not cite additional evidence showing how Plaintiff meets the criteria of Listings 12.04 or 12.06. *See* Dkt. 8, pp. 12-13.

As the Court has affirmed the ALJ's treatment of the opinion evidence from Drs. Cox and Taylor, and Plaintiff cited no additional evidence showing Plaintiff meets Listings 12.04 or

12.06, the Court finds Plaintiff failed to show the ALJ erred at Step Three. *See Tackett*, 180 F.3d at 1098 (the claimant bears the burden of proof to establish that he meets or equals any of the impairments in the Listings).

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. Therefore, Defendant's decision to deny benefits is affirmed and this case is dismissed with prejudice. The Clerk is directed to enter judgment for Defendant and close the case.

Dated this 22nd day of April, 2019.

David W. Christel
United States Magistrate Judge